IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY BERNARDLY JONES | CRIMINAL ACTION<br>NO. 02-778 |

**PAPPERT, J.** October 20, 2021

**MEMORANDUM**

Late last year, the Court denied Anthony Bernardly Jones' Motions for compassionate release or a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A), in part because he failed to demonstrate that extraordinary or compelling reasons justified his release. Now, in an apparent attempt to circumvent that requirement, Jones moves for a reduction under § 3582(c) more generally. But no other subdivision of § 3582(c) authorizes the reduction he seeks, and the Court denies the Motion accordingly.

I

On August 29, 2002, Jones robbed a bank of $10,680 while carrying a semi-automatic handgun and wearing a police scanner. (Mem. Op. at 1, ECF No. 121.) He remained a fugitive until his arrest in October of 2002. (*Id.*) A jury then convicted Jones of armed bank robbery in violation of 18 U.S.C § 2113(d) and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii). (*Id.*) Judge Buckwalter sentenced Jones to 184 months' imprisonment; 100 months for

1

the § 2113 conviction and a consecutive eighty-four months on the § 924(c) charge. (*Id.*)[1]

Last year, Jones filed two Motions seeking compassionate release or a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 101, 106.) He argued that his medical conditions put him at heightened risk of COVID-19 and that an amendment to U.S.S.G. § 2B3.1(b)(7) would have reduced his guideline range had it been in effect when he was sentenced. (Mem. Op. at 2–3; ECF No. 121) The Court denied those motions, concluding that Jones presented no extraordinary and compelling reasons for his relief, and that even if he had, the sentencing factors listed in 18 U.S.C. § 3353(a) counseled against releasing him. (*Id.* at 5–8; Order, ECF No. 121.)

Less than nine months later, Jones moved again for a reduction in his sentence. (Mot., ECF No. 125). He now argues that he is not required to show extraordinary and compelling reasons for his release because § 3582(c) "permits courts to modify an imposed imprisonment to any extent provided by statute." (*Id.* at 1.) In his view, he need only convince the Court to reconsider its balancing of the § 3353(a) factors. (*Id.* at 1–2.)

Jones offers two reasons for why these factors now tip in his favor: First, when his criminal history score was originally calculated, his conviction under Pennsylvania's Simple Assault Statute qualified as a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2). Then, in 2016, Amendment 798 replaced the residual clause with a list of enumerated offenses that did not include simple assault. As a

---

[1] Jones' original sentence was vacated for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005), but Judge Buckwalter imposed the same sentence on remand. *United States v. Jones*, 240 F. App'x 977, 977 (3d Cir. 2007). His case was reassigned to this Court on May 11, 2016. (Order Reassigning Case, ECF No. 93.)

consequence, Jones says his sentencing Guideline range would be lower if he were sentenced today. (*Id.* at 5–7.) Second, Jones argues his conduct in the months since his previous Motions shows he is rehabilitated and no longer a threat to the public. (*Id.* at 8–9.) With the help of his family, Jones has paid the remaining restitution he owed as a result of his crime, almost $10,000. *Compare* Mot. at 19 *with* Mem. Law Supp. Compassionate Release/Reduction in Sentence at 14, ECF No. 106. He also earned a Paralegal Certificate, completing the course with distinction and in record time. (*Id.* at 9.)

The Government opposes his Motion, arguing that Jones has failed to demonstrate extraordinary and compelling reasons for a reduction in his sentence, as required by § 3582(c)(1)(A). (Gov. Resp. at 5, ECF No. 127.)

II

In general, courts cannot modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Section 3582(c) creates four exceptions to this rule, three of which are potentially relevant to Jones:[2]

First, § 3582(c)(1)(A)(i) permits a court to reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction" and a reduction is consistent with the sentencing factors listed in 18 U.S.C. § 3553(a). Before defendants can move for relief under this section, they "must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020).

Second, the Court may modify a sentence "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." § 3582(c)(1)(B).

---

[2] Jones is not seventy, so § 3582(c)(1)(A)(ii) cannot apply. *See* Mem. Op. at 2.

Third, the Court can reduce a sentence if revisions to the Sentencing Guidelines would result in a lower sentencing range for the defendant and the reduction would be consistent with the applicable policy statements of the Sentencing Commission and the factors outlined in § 3553(a). *Id.* at (c)(2).

Since Jones claims that § 3852(c) permits the court to reduce his sentence *without* a finding that extraordinary and compelling reasons justify reduction, the Court will consider whether he satisfies either § 3582(c)(1)(B) or (c)(2) before addressing his compliance with § 3582(c)(1)(A).

III

Jones appears to believe, incorrectly, that § 3582(c)(1)(B) gives the Court broad discretion to modify his sentence. *See* Mot. at 1; Reply at 1–2. Section (c)(1)(B) only authorizes modifications that are "expressly permitted by statute" or by Rule 35.[3] Jones does not point to any statute that would permit modification of his sentence. He mostly argues that a reduction is justified by the § 3553(a) factors, but § 3353(a) does not itself authorize sentence modifications. Rather, it lays out factors that must be considered as part of a modification that otherwise complies with § 3582(c)(1)(A) or (c)(2).

Similarly, a change to the Sentencing Guidelines does not "expressly permit" a sentence reduction. Rather, the only way to request a sentence reduction based solely on changes to the Guidelines is by a motion pursuant to § 3582(c)(2). But that section only authorizes reductions that are consistent with the applicable policy statements of the Sentencing Commission. § 3582(c)(2). Section 1B1.10 of the Sentencing Guidelines Manual cabins § 3582(c)(2) to a

---

[3] Rule 35 only authorizes modifications to correct clear errors or to reward a defendant for assisting an investigation or prosecution. Fed. R. Crim. P. 35(a)–(b). Neither circumstance exists in this case.

4

small list of amendments. Amendment 798 is not on that list. The Court cannot reduce a sentence under § 3582(c)(2) based on an amendment that the Sentencing Commission declined to make retroactive. U.S.S.G. § 1B1.10(a)(2)(A); *Dillon v. United States*, 560 U.S. 817, 831 (2010).

IV

That leaves Jones with only one option: a possible sentence reduction under § 3582(c)(1)(A)(i). And just like last year, the Court must deny Jones' Motion under that section.

To begin, Jones did not comply with the exhaustion requirements of § 3582(c)(1)(A). He contacted the BOP to request compassionate relief on the same day that he filed his Motion. (Mot. at 21; Mot. Ex. 1, ECF No. 125.) The Court cannot relieve Jones of his duty to first provide the BOP an opportunity to act on his request. *Raia*, 954 F.3d at 597.

Even if Jones had properly exhausted his claims, he fails to demonstrate any extraordinary and compelling reasons for the requested reduction. Jones' asserted grounds for relief — the change to § 4B1.2 and his continued rehabilitation — are not extraordinary and compelling reasons for a sentence reduction. The Third Circuit has made clear that non-retroactive changes in the law are not "extraordinary and compelling" reasons for modifying a sentence, either alone or in combination with other factors. *United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021). And rehabilitation alone cannot be the basis for a reduced sentence. 28 U.S.C. § 944(t).

V.

Jones asks the Court to reconsider its balancing of the § 3353(a) sentencing factors in light of his conduct over the past year. But even if the Court agreed with Jones that those factors

no longer weighed against release, it could not grant him the relief he seeks. His request cannot be granted under either § 3582(c)(1)(B) or (c)(2), he failed to comply with the procedural requirements of § 3582(c)(1)(A) and he did not show extraordinary and compelling reasons for a reduction in his sentence. An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.